382 So.2d 871 (1980)
Antonio Michael CARTER, Appellant,
v.
STATE of Florida, Appellee.
Nos. 00-352/T1-131, 00-357/T1-132.
District Court of Appeal of Florida, Fifth District.
April 23, 1980.
*872 Michael J. Minerva, Public Defender and Louis G. Carres, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Evelyn D. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
BROWNLEE, JACKSON O., Associate Judge.
The state attorney filed an information against a sixteen year old child for robbery and use of a firearm while committing or attempting to commit a felony. Said procedure is authorized by the statute and the defendant is then treated as an adult unless (1) the defendant files a motion requesting that he be transferred to the juvenile division for adjudicatory hearing and (2) establishes that he has not been twice adjudicated delinquent, one of which was a felony. Sec. 39.04(2)(e)4, Fla. Stat. (1979). The burden of proof for the transfer back to juvenile division is clearly on the child.
In order to be committed to the Division of Youth Services, a juvenile must be adjudicated delinquent. The record before us indicates:
In 1967 he was committed to the Division of Youth Services for carrying a concealed firearm and burglary.
Carrying a concealed firearm and burglary are both felonies under Florida law. Since it must be shown by the child that he had not previously been found to have committed two delinquent acts, we can only conclude from the record before us based on commitments for two felonies, that the child was not entitled to be transferred for adjudicatory proceedings as a child.
*873 However, more importantly, the record contains no motion to transfer to the juvenile division for adjudicatory hearing as a child. The record indicates that after a jury trial as an adult, the court then held a hearing to comply with Section 39.111, Florida Statutes (1979), to determine whether the defendant would be sentenced as a child or as an adult. The defense attorney at that point stated:
We would like for him to be treated as a child which the court can do under the statute.
By no stretch of the imagination can this be considered a motion to transfer to juvenile division for adjudicatory hearing pursuant to Section 39.04(2)(e)2, Florida Statutes (1979). However, even if we could stretch the imagination that far, the motion would be untimely.
In the juvenile proceedings an adjudicatory hearing is the same as trial in adult court. There are occasions when a child may determine in which forum he would like to proceed. For example, a child may demand and be treated as an adult and have a jury trial when a juvenile petition has been filed against him. Sec. 39.02(5)(b), Fla. Stat. (1979). The law does not permit a child to proceed through an adjudicatory hearing in juvenile court and then request transfer to adult court for jury trial. By the same token, we have no difficulty in determining that, having completed the adult process of jury trial, it is too late to request transfer for adjudicatory hearing as a child. Whatever right existed to be treated as a child for trial purposes has been waived.
Although Section 39.111, Florida Statutes (1979) requires a disposition hearing to determine whether the defendant will be sentenced as a child or as an adult after having been convicted by jury trial in adult court, this is independent of, and is not to be considered a part of the procedure by which a child may elect if he fits in the proper category to be returned to juvenile court. The court amply complied with the requirements of Section 39.111, Florida Statutes (1979), before determining to impose adult sanctions.
The trial court is
AFFIRMED.
CROSS and SHARP, JJ., concur.