ORFINGER, Judge.
Appellant, a juvenile, charged as an adult with burglary of a dwelling, pleaded nolo contendere, reserving the right to appeal the denial of a motion to dismiss the information. We affirm.
Appellant’s contention that section 39.-04(2)(e)(4),[1] Florida Statutes (Supp.1978), is unconstitutional has already been determined contrary to his position. State v. Cain, 381 So.2d 1361 (Fla.1980). Appellant contends, however, that Cain did not address the particular area on which he relies, i. e., that the statute shifts the burden of proof to the child to show that he has not previously been found to have committed two delinquent acts, thus unconstitutionally shifting to him the burden of proof of an element of the crime.
No new element of the crime is created by the statute. The decision regarding which court should prosecute a juvenile has nothing to do with a substantive adjudication; rather, it is only the basis by which adjudication is initiated. State v. Cain, supra.
The statute permits the transfer of the prosecution to the juvenile division upon motion of the child, coupled with a showing that he has not “previously been found to have committed two delinquent acts, one of which involved an offense classified under Florida law as a felony.” Section 39.04(2)(e)4, supra. Clearly, this involves a pre-trial proceeding, and does not involve the prosecution of the crime for which the appellant is now charged. Since there is no common law, inherent, or constitutional right to be tried as a juvenile, State v. Cain, supra, it is incumbent on the juvenile to justify the transfer. Carter v. State, 382 So.2d 871 (Fla.5th DCA 1980).
The trial court was correct in denying the motion to dismiss, and the judgment of conviction is
AFFIRMED.
FRANK D. UPCHURCH, Jr., and CO-WART, JJ., concur.

. “With respect to any child who at the time of commission of the alleged offense was 16 or 17 years of age, [the State Attorney may] file an information when in his judgment and discretion the public interest requires that adult sanctions be considered or imposed. Upon motion of the child, the case shall be transferred for adjudicatory proceedings as a child pursuant to § 39.09(1) if it is shown by the child that he had not previously been found to have committed two delinquent acts, one of which involved an offense classified under Florida law as a felony.”