STATE of Wisconsin, Plaintiff-Appellant,

v.

DOMINIC E.W., Defendant-Respondent.

Court of Appeals

*No. 97–2446–CR. Submitted on briefs March 3, 1998.—Decided March 25, 1998.*

(Also reported in 579 N.W.2d 282.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Paul E. Bucher,* district attorney, and *Dennis R. Krueger,* assistant district attorney.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Eileen A. Hirsch*, assistant state public defender.

Before Snyder, P.J., Brown and Anderson, JJ.

ANDERSON, J.    We granted the State's petition for leave to appeal the trial court's nonfinal order transferring jurisdiction over Dominic E.W. from adult court to the juvenile court system under the "reverse waiver" proceedings of § 970.032, STATS.[1] As a resident of Ethan Allen School for Boys, Dominic struck a staff member and was charged as an adult with battery to a correctional officer contrary to § 940.20(1), STATS. At the "reverse waiver" hearing, the trial court concluded that the services available in the juvenile system are not only better but can require mandatory participation, that Dominic's return to the juvenile system would not unduly depreciate the. seriousness of the

[1] Effective December 31, 1997, § 970.032 (title), (1) and (2) (c), STATS., was amended so that all references to "child" and "children" were replaced with "juvenile" and "juveniles", respectively, for consistency of references with the language of ch. 938, STATS. *See* Wis. Act 35, §§ 587, 588 & 605. All references are to the 1995–96 version of the statutes.

53

offense, and that it would be a greater benefit to society and to Dominic for him to receive treatment/punishment in the juvenile system. The trial court did not misuse its discretion. Accordingly, we affirm.[2]

In May 1997, Dominic, a resident at the Ethan Allen School for Boys—a secured correctional facility—was charged as an adult with battery to a correctional officer in violation of § 940.20(1), STATS.[3] The charges stemmed from an incident in which

[2] Upon granting the State's petition for leave to appeal the trial court's order, we asked the parties to address whether the means by which a party can seek review of a reverse waiver order is more appropriately by leave to appeal, *see* § 808.03(2), STATS., or by notice of appeal from a final order, *see* § 808.03(1). Although this issue is one of first impression in Wisconsin, the supreme court has addressed the transfer of jurisdiction from juvenile to adult court. *See State ex rel. A.E. v. Circuit Court,* 94 Wis. 2d 98, 288 N.W.2d 125, *on reconsideration,* 94 Wis. 2d 98, 292 N.W.2d 114 (1980). The *A.E.* court held that a juvenile waiver order is not appealable by right under § 808.03(1) because "it does not '[dispose] of the entire matter in litigation as to one or more of the parties.' The waiver order merely transfers the matter to another court." *See A.E.,* 94 Wis. 2d at 105a–105b, 292 N.W.2d at 114. Similarly, a reverse waiver order does not dispose of the entire matter in litigation; rather, the order merely transfers the matter to the juvenile court which must then determine the appropriate sanctions and expound an order of its own. We conclude that the appropriate avenue of review for a party aggrieved by a reverse waiver order is to seek leave to appeal under § 808.03(2) in the manner and within the ten-day deadline specified in § 809.50(1), STATS.

[3] Section 940.20(1), STATS., provides in relevant part: "Any prisoner confined to a state . . . detention facility who intentionally causes bodily harm to an officer [or] employe . . . of such prison or institution, without his or her consent, is guilty of a Class D felony."

Dominic punched a staff member in the nose. The criminal court obtained exclusive original jurisdiction over Dominic as provided in § 938.183(1)(a), STATS.[4] In August 1997, a reverse waiver hearing was conducted as directed by § 970.032(2), STATS.[5] Based on the evidence presented, the court determined that Dominic had met his burden of proof as to all of the elements of § 970.032(2) and that jurisdiction should be transferred to the juvenile court system.

The State subsequently petitioned this court for leave to appeal the ruling. The State questioned whether Dominic proved by a preponderance of the evidence the criteria under § 970.032, STATS. The State posited that the trial court erred when it did not require Dominic to make a showing of any of the criteria under § 970.032. We accepted the State's petition to review the reverse waiver order. Additional facts will

---

[4] Section 938.183(1)(a), STATS., grants courts of criminal jurisdiction with exclusive original jurisdiction over any juvenile who has been adjudicated delinquent and who is alleged to have violated § 940.20(1), STATS., while placed in a secured correctional facility.

[5] Section 970.032, STATS., states in part:

(2)  If the court finds probable cause as specified in sub. (1), the court shall determine whether to retain jurisdiction or to transfer jurisdiction to the court assigned to exercise jurisdiction [in the juvenile system]. The court shall retain jurisdiction unless the child proves by a preponderance of the evidence all of the following:

(a)  That, if convicted, the child could not receive adequate treatment in the criminal justice system.

(b)  That transferring jurisdiction to the court assigned to exercise [juvenile] jurisdiction . . . would not depreciate the seriousness of the offense.

(c)  That retaining jurisdiction is not necessary to deter the child or other children from committing the violation of which the child is accused . . . .

be included within the body of the decision as necessary.

The State appeals the trial court's determination that the evidence as applied to the statutory criteria set forth in § 970.032, STATS., supported a transfer of jurisdiction to the juvenile court system. A decision to retain or transfer jurisdiction in a reverse waiver situation is a discretionary decision for the trial court. *See State v. Verhagen*, 198 Wis. 2d 177, 191, 542 N.W.2d 189, 193 (Ct. App. 1995). A discretionary determination is the product of a rational mental process by which the facts of record and law relied upon are stated and considered together for the purpose of achieving a reasoned and reasonable decision. *See id.* We will not reverse a trial court's discretionary determination if the record reflects that discretion was truly exercised; in fact, we will look for reasons to sustain the decision. *See id.*

On appeal, the State maintains that the trial court's decision is not based on a reasonable view of the statute or the evidence before it. As to the first criterion, the State argues that the juvenile must prove a total absence of treatment in the adult system—establishing the comparable adequacy of the juvenile system does not satisfy the first criterion. We disagree. The reverse waiver statute permits the trial court to balance the treatment available in the juvenile system with the treatment available in the adult system and requires it to decide under the specific facts and circumstances of the case which treatment will better benefit the juvenile. *See id.* at 193–94, 542 N.W.2d at 194.

In this case, Dr. Joseph Collins, a psychologist who examined Dominic, described Dominic as socially and emotionally immature, needy, illiterate, naive and vul-

nerable, *but* he had rehabilitative potential. In Collins' opinion, after three years in an adult prison, Dominic would "go rapidly from a good rehabilitative potential . . . to solidification of conduct disorder. He would take on characteristics and traits of older prisoners. . . . [H]e would get a lot harder, and . . . he would have little or no opportunities which to utilize in entering successfully in our overall society . . . ."

Here, the trial court acknowledged that there are services available in the adult prison system, but it concluded that these services are inadequate to meet the treatment needs of Dominic. Based on this testimony, the court stated that school and other programming which Dominic needs are required in the juvenile correctional facility whereas in the adult system one is not required to avail oneself of those services. Despite assurances by the State's witness, John Bett, director of the assessment and evaluation unit at Dodge Correctional Institution, that Dominic could be placed in the special management unit where Dodge holds people who it sees as vulnerable, the court determined that Dominic could nevertheless be the victim of abuse, violence or distribution of drugs or other contraband in an adult prison.

The court also considered the second criterion, the seriousness of the offense. While not attempting to minimize the seriousness of the offense ("that is the very reason for the creation of this statute"), the court commented that under normal circumstances Dominic's action would have constituted misdemeanor battery except for the status of the individual who had been battered. Even so, the court noted that Dominic's battery was impulsive, not premeditated; it was not confrontational in the sense that there were not ongoing problems between Dominic and the staff; and

Dominic had few if any behavioral issues prior to the battery.[6]

As to the deterrence criterion, the trial court noted that under Dominic's original juvenile court order he was to be under the control of the Department of Corrections until January 2002. In addition, the evidence suggested that the purpose of deterrence had already been served in Dominic's particular case: he expressed remorse and contrition, he accepted responsibility for his behavior and recognized the stupidity of it, and he indicated that he wanted to obtain gainful employment some day and he recognized that an adult criminal record would hinder this possibility.

Additionally, Dominic's jail term and the possibility of transferring him to another secured correctional facility support the trial court's determination that Dominic's punishment has a deterrent effect on other juveniles. We conclude that the trial court did not misuse its discretion in considering the factors in § 970.032(2)(a)–(c), STATS., and in deciding to reverse the waiver from adult court jurisdiction to the juvenile court system.

---

[6] The State takes issue with the trial court's consideration of the seriousness of the offense. The State seeks to equate all batteries from misdemeanor battery to a battery causing substantial bodily harm as equally serious and exposing vulnerable officers to increased violence. As with the first criterion, the court must decide under the specific facts and circumstances of the case how serious the offense was—whether it was an egregious type of battery, like the "vicious major attack" in *State v. Verhagen*, 198 Wis. 2d 177, 192–93, 542 N.W.2d 189, 193–94 (Ct. App. 1995), or some lesser type of battery. Again, such weighing of the facts by the trial court is implicit in the reverse waiver statute.

Moreover, Dominic's case is exceptional; he is the first of the estimated 120 juveniles to meet the criteria outlined in § 970.032(2), STATS. *See* Lisa Sink, *Inmate Gets Waived in Beating Case,* MILWAUKEE J. SENTINEL, Aug. 9, 1997, at 1, 13. Nevertheless, the reverse waiver statute contemplates such a result.

Even so, the State contends that deterrence of further batteries by Dominic or other juveniles "is clearly met by retaining adult jurisdiction." The State insists that the trial court's decision undermines the rationale behind the implementation of these criteria.

Essentially, the State argues that this court will frustrate the purpose of the statute—to protect those who work in, visit or are confined in a secured correctional facility—by affirming the reverse waiver order. *See State v. Martin,* 191 Wis. 2d 646, 658, 530 N.W.2d 420, 425 (Ct. App. 1995). Although the usual situation under the reverse waiver statute is that the criminal court will retain jurisdiction over the juvenile, it is not mandatory. *See Verhagen,* 198 Wis. 2d at 187–88, 542 N.W.2d at 192. If the reverse waiver statute required the criminal court to retain jurisdiction in all situations involving battery at a secured correctional facility, the legislature would not have provided the juvenile the opportunity to prove that the juvenile would not receive adequate treatment, that transfer would not depreciate the seriousness of the offense and that retaining jurisdiction would not be necessary to deter the juvenile or other children from committing further batteries. The State's interpretation would render these considerations superfluous, a result to be avoided. *See State v. Koopmans,* 210 Wis. 2d 671, 679, 563 N.W.2d 528, 532 (1997).

■

We agree with the trial court: "[The reverse waiver statute] must be interpreted in a fashion that it does create a time and place where there may be a juvenile that, or juveniles, that are appropriate to be returned to the juvenile system based upon a variety of factors. . . . [It cannot] be construed in a fashion that creates an absurdity, meaning that there is no ability to prove that the statute says what a person must prove to come within the statute . . . ." Because the determination whether to reverse waiver is within the discretion of the trial court and because the trial court did not misuse its discretion in this case, we affirm.

*By the Court.*—Order affirmed.