STATE of Wisconsin, Plaintiff-Respondent,

v.

Latosha ARMSTEAD, Defendant-Appellant.†

Court of Appeals

*No. 97–3056–CR. Submitted on briefs May 4, 1998.—Decided June 23, 1998.*

(Also reported in 583 N.W.2d 444.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Robin Shellow, Angela C. Kachelski,* and *Haresh Bhojwani* of *Law Offices of Robin Shellow* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *Gregory M. Posner-Weber,* assistant attorney general.

Before Wedemeyer, P.J., Schudson and Curley, JJ.

CURLEY, J. Latosha Armstead appeals from a non-final circuit court order denying her motion to dis-

miss the charge of first-degree intentional homicide, party to a crime, and ordering that she should not be "reverse waived" to the juvenile court, but instead, should remain subject to the jurisdiction of the adult court. Armstead claims that the trial court erred because: (1) the "reverse waiver" statutory scheme violates her constitutional rights to equal protection and due process; (2) §§ 938.183 and 970.032, STATS., are unconstitutionally vague; (3) she has been denied effective assistance of counsel; (4) the method in which the circuit court conducted her reverse waiver hearing violated her constitutional right to substantive due process; (5) the application of §§ 938.183 and 970.032 constitutes cruel and unusual punishment; and (6) incarcerating her with adult inmates violates Article I, § 6 of the Wisconsin Constitution. Armstead also asks us to decide whether reverse waiver decisions are appealable as a matter of right. Finally, Armstead makes an emotional appeal, without legal citation or argument, for this court to return her to the juvenile system.

First, we decline to address Armstead's equal protection claim, ineffective assistance claim, cruel and unusual punishment claim, and Article I, § 6 claim. All of these claims would require us to decide issues based on future or hypothetical facts, and, therefore, they are not ripe for determination. Second, we conclude that §§ 938.183 and 970.032, STATS., are not unconstitutionally vague. Third, we conclude that Armstead's substantive due process claim regarding the method in which her reverse waiver hearing was conducted lacks merit. Fourth, we conclude that Armstead's claim regarding the method of appealing reverse waiver decisions is moot, and that, in any event, this court has recently determined that reverse waiver decisions are

appealable by permission under § 808.03(2), STATS., in the manner and within the deadline specified in § 809.50(1), STATS. Finally, we decline to respond to Armstead's emotional appeal. Therefore, we affirm the circuit court's order.

## I. BACKGROUND.

On March 14, 1997, the State of Wisconsin filed a criminal complaint charging then-thirteen-year-old Armstead with first-degree intentional homicide, party to a crime. The complaint alleges that on March 10, 1997, Armstead and her boyfriend, James Williams, strangled and stabbed Charlotte Brown because "they needed a car." The complaint also alleges that, in a statement given to police, Armstead admitted "[coming] up with the idea of strangling Charlotte Brown." Pursuant to § 938.183(1)(am), STATS.,[1] the adult criminal court asserted original jurisdiction in the matter. On May 30, 1997, Armstead filed briefs and a motion to dismiss the complaint which challenged the constitutionality of §§ 938.183 and 970.032, STATS.[2] Pursuant

[1] Section 938.183(1)(am), STATS., provides:

**Original adult court jurisdiction for criminal proceedings.** (1) Notwithstanding ss. 938.12 (1) and 938.18, courts of criminal jurisdiction have exclusive original jurisdiction over all of the following:

. . .

(am) A juvenile who is alleged to have attempted or committed a violation of s. 940.01 or to have committed a violation of s. 940.02 or 940.05 on or after the juvenile's 10th birthday, but before the juvenile's 15th birthday.

[2] Section 970.032, STATS., provides:

**Preliminary examination; child under original adult court jurisdiction.** (1) Notwithstanding s. 970.03, if a preliminary examination is held regarding a child who is subject to the original jurisdiction of the court of criminal jurisdiction under s. 938.183

to § 970.032, the trial court held a preliminary examination, in June 1997, in order to determine whether there was probable cause to believe Armstead had committed the charged crime, and whether Armstead should be "reverse waived" to juvenile court. The trial court declined to rule on Armstead's constitutional claims before conducting the preliminary hearing, and stated that it would issue its decision with respect to those claims at a later date. The trial court then conducted the preliminary hearing.

On October 6, 1997, the trial court issued an order finding probable cause to believe that Armstead had committed the charged offense and refused to transfer jurisdiction to the juvenile court. The trial court also considered and rejected each of Armstead's constitutional challenges. On November 3, 1997, the State filed an information charging Armstead with one count of first-degree intentional homicide, party to a crime, and

_____

(1), the court shall first determine whether there is probable cause to believe that the child has committed the violation of which he or she is accused under the circumstances specified in s. 938.183 (1) (a), (am), (b) or (c), whichever is applicable. If the court does not make that finding, the court shall order that the child be discharged but proceedings may be brought regarding the child under ch. 938.

(2) If the court finds probable cause as specified in sub. (1), the court shall determine whether to retain jurisdiction or to transfer jurisdiction to the court assigned to exercise jurisdiction under chs. 48 and 938. The court shall retain jurisdiction unless the child proves by a preponderance of the evidence all of the following:

(a) That, if convicted, the child could not receive adequate treatment in the criminal justice system.

(b) That transferring jurisdiction to the court assigned to exercise jurisdiction under chs. 48 and 938 would not depreciate the seriousness of the offense.

(c) That retaining jurisdiction is not necessary to deter the child or other children from committing the violation of which the child is accused under the circumstances specified in s. 938.183 (1) (a), (am), (b) or (c), whichever is applicable.

on January 7, 1998, this court granted Armstead's petition for leave to appeal.

## II. ANALYSIS.

### A. *Claims involving hypothetical or future facts which are not ripe for review.*

If the resolution of a claim depends on hypothetical or future facts, the claim is not ripe for adjudication and will not be addressed by this court. *See Pension Management, Inc. v. DuRose*, 58 Wis. 2d 122, 128, 205 N.W.2d 553, 555–56 (1973) (court will not decide issues based on hypothetical or future facts); *State v. Verhagen*, 198 Wis. 2d 177, 194 n.3, 542 N.W.2d 189, 194 n.3 (Ct. App. 1995) (appellate court will not decide issues which are not ripe for appellate review). We conclude that a decision regarding Armstead's equal protection claim, ineffective assistance claim, cruel and unusual punishment claim, or Article I, § 6 claim, would be based on hypothetical or future facts. Therefore, because these claims are not ripe for appellate review, we decline to address them.

### 1. Equal Protection Claim

Armstead claims that the reverse waiver statutory scheme violates her constitutional right to equal protection. Although Armstead's briefs are confusing, her claim appears to boil down to the following argument. Pursuant to § 938.183(2)(a), STATS.,[3] adult criminal

---

[3] Section 938.183(2)(a), STATS., provides in part:

(2) (a) Notwithstanding ss. 938.12 (1) and 938.18, courts of criminal jurisdiction have exclusive original jurisdiction over a juvenile who is alleged to have attempted or committed a violation

courts have original jurisdiction over a juvenile charged with committing first-degree intentional homicide, in violation of § 940.01, STATS., if the offense was committed on or after the juvenile's fifteenth birthday. However, according to § 938.183(2)(a)1 and 2, if the juvenile is convicted of a lesser offense, under certain conditions, the adult court may impose a "delinquent juvenile" disposition specified in § 938.34, STATS.[4]

Similarly, pursuant to § 938.138(1)(am), adult criminal courts have original jurisdiction over a juvenile who is charged with committing first-degree intentional homicide, in violation of § 940.01, STATS., if the offense was committed on or after the juvenile's tenth birthday, but before the juvenile's fifteenth birth-

---

of s. 940.01 or to have committed a violation of s. 940.02 or 940.05 on or after the juvenile's 15th birthday.

[4] According to § 938.183(2)(a)1, STATS., the adult court may impose a juvenile disposition specified in § 938.34, STATS., without further conditions, if the juvenile is convicted of a lesser offense "that is not an attempt to violate s. 940.01, that is not a violation of s. 940.02 or 940.05 and that is not an offense for which the court assigned to exercise jurisdiction under this chapter and ch. 48 may waive its jurisdiction over the juvenile under s. 938.18." Section 938.183(2)(a)1. By contrast, according to § 938.183(2)(a)2, if the juvenile is convicted of a lesser offense "that is an attempt to violate s. 940.01, that is a violation of s. 940.02 or 940.05 or that is an offense for which the court assigned to exercise jurisdiction under this chapter and ch. 48 may waive its jurisdiction over the juvenile under s. 938.18," the adult court may only impose a juvenile disposition specified in § 938.34 if the court, "after considering the criteria specified in s. 938.18(5), determines by clear and convincing evidence that it would be in the best interests of the juvenile and of the public to impose a disposition specified in s. 938.34." Section 938.183(2)(a)2.

day. If a preliminary examination is held regarding such a child, according to § 970.032, STATS., the adult court may "reverse waive" jurisdiction back to the juvenile court if the child proves by a preponderance of the evidence all of the following:

> (a) That, if convicted, the child could not receive. adequate treatment in the criminal justice system.
>
> (b) That transferring jurisdiction to the court assigned to exercise jurisdiction under chs. 48 and 938 would not depreciate the seriousness of the offense.
>
> (c) That retaining jurisdiction is not necessary to deter the child or other children from committing the violation of which the child is accused under the circumstances specified in s. 938.138(1) (a), (am), (b) or (c), whichever is applicable.

If the child fails to prove all of the preceding factors, and if the adult court finds probable cause to believe the child has committed the violation of which he or she is accused, the adult court retains jurisdiction. *See* § 970.032. Section 938.183(1m)(c), STATS., however, states that "[i]f the juvenile is convicted of a lesser offense and if any of the conditions specified in s. 938.183(2) (a) 1. or 2. applies, the court of criminal jurisdiction may impose a criminal penalty or a disposition specified in s. 938.34." The "conditions specified in s. 938.183(2)(a) 1. or 2." are the same conditions which must be met in order for adult courts to impose a juvenile disposition specified in § 938.34, STATS., for juveniles who committed offenses on or after their fifteenth birthdays. *See* § 938.183(2)(a), STATS. Thus, the statutory scheme appears to allow the adult court to impose juvenile dispositions on juveniles who are con-

victed of certain lesser offenses, under certain conditions, whether they were over or under fifteen years old at the time they committed the offense.

Armstead, however, interprets the statutes differently. Armstead points out that although § 938.183(2)(a)1 and 2, STATS., define the conditions under which an adult court may impose a juvenile disposition after a juvenile has been convicted in adult court of certain lesser offenses, the specific language of § 938.183(2)(a) could be interpreted to restrict the application of § 938.183(2)(a)1 and 2 to juveniles who committed their offenses on or after their fifteenth birthday. This is because § 938.183(2)(a) states the following:

> [A] juvenile who is alleged to have attempted or committed [an enumerated offense] *on or after the juvenile's 15th birthday* is subject to the procedures specified in chs. 967 to 979 and the criminal penalties provided . . . except that the court of criminal jurisdiction shall impose a disposition specified in s. 938.34 if any of the following conditions [described in § 938.183(2)(a)1 and 2] applies: . . .

Section 938.183(2)(a) (emphasis added). Essentially, Armstead argues that, although § 938.183(1m)(c) purports to allow an adult court to impose a juvenile disposition on a juvenile who committed an offense before his or her fifteenth birthday, if the conditions in § 938.183(2)(a)1 and 2 apply, § 938.183(2)(a) only allows those conditions to apply for juveniles who committed offenses on or after their fifteenth birthday. Thus, according to Armstead's interpretation, an adult court does not have the option of imposing a juvenile disposition on a juvenile who is convicted of committing certain lesser offenses, if the juvenile has committed

the offense on or after his or her tenth birthday but before his or her fifteenth birthday.

Armstead was thirteen years old at the time that she is alleged to have committed her offense. Therefore, according to her interpretation of § 938.183(1m)(c) and (2)(a), if she is ultimately convicted of a lesser-included offense, the adult court will not be able to impose a juvenile disposition specified in § 938.34, STATS. According to Armstead's interpretation, however, the adult court would be able to impose a juvenile disposition on a juvenile who was convicted of the same lesser-included offense, if the juvenile had committed the offense after the juvenile's fifteenth birthday. Armstead claims that this amounts to more lenient treatment of older juvenile offenders than younger juvenile offender, which lacks a rational basis and violates her constitutional right to equal protection.

The fatal flaw with Armstead's argument, however, is that Armstead has not, as of this time, actually been convicted of one of the lesser offenses referred to in § 938.183(2)(a)1 or 2, STATS. Armstead's trial has not even begun. It is perfectly possible that Armstead ultimately may not be convicted of one of the lesser offenses enumerated in § 938.183(2)(a)1 or 2. Armstead may be convicted of first-degree intentional homicide, or she may be acquitted. If either event occurs, the equal protection argument Armstead now advances would be moot. Thus, resolution of Armstead's equal protection claim would require us to decide an issue based entirely on the possibility that Armstead may be convicted of one of the lesser offenses specified in § 938.183(2)(a)1 or 2. This court will not decide issues which are based on hypothetical or future facts. *See Pension Management, Inc.*, 58 Wis. 2d at 128, 205 N.W.2d at 555–56. Therefore, Armstead's equal protec-

tion claim is not ripe for review, and we decline to address it. *See Verhagen*, 198 Wis. 2d at 194 n.3, 542 N.W.2d at 194 n.3.[5]

2. Ineffective assistance of trial counsel claim.

Armstead appears to claim that her trial counsel either has been, or currently is, providing her with ineffective assistance because her counsel, who is unable to determine the meaning of §§ 983.183 and 970.032, STATS., does not know whether to advise her to plead guilty or go to trial. In order to prove ineffective assistance of counsel, a defendant must show both deficient performance and resulting prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). At this point, Armstead has not pleaded guilty to, or been convicted of, any crime. Even if her counsel had been, or currently is, providing Armstead with ineffective assistance, the possibility that Armstead will actually be prejudiced by that alleged ineffective assistance amounts to a hypothetical and future fact. Therefore, because Armstead's claim is not ripe for determination, we decline to address it. *See Pension Management, Inc.*, 58 Wis. 2d at 128, 205 N.W.2d at 555–56; *Verhagen*, 198 Wis. 2d at 194 n.3, 542 N.W.2d at 194 n.3.

3. Cruel and unusual punishment claim.

Armstead claims that §§ 938.183 and 970.032, STATS., violate her right to be free from cruel and unusual punishment because "Depriving [Armstead] of

---

[5] We also note that the legislature appears to have resolved the ambiguity upon which Armstead bases her equal protection claim by amending § 938.183(1m)(c), STATS., removing any reference in that section to § 938.183(2)(a)1 or 2. *See* 1997 Wis. Act 205, § 41–44.

Her Liberty Forever is Extraordinarily Cruel." Obviously, at this time, Armstead has not been deprived of her liberty "forever," because Armstead has neither been convicted of a crime nor been sentenced. Armstead's cruel and unusual punishment claim would require this court to base its decision on the possibility that Armstead might ultimately be sentenced to life in prison without parole. Therefore, Armstead's claim is not ripe for determination, and we decline to address it. *See Pension Management, Inc.*, 58 Wis. 2d at 128, 205 N.W.2d at 555–56; *Verhagen*, 198 Wis. 2d at 194 n.3, 542 N.W.2d at 194 n.3.

 4. Article I, § 6 claim.

Finally, Armstead claims, "Incarcerating Latosha with Adult Inmates is a Violation of Article I, Section 6 of the Wisconsin Constitution." Armstead, however, does not allege that she is currently incarcerated with adult inmates. A decision, at this point, regarding Armstead's Article I, § 6 claim would be based on the possibility that Armstead might eventually be incarcerated with adult inmates. Again, Armstead's claim is not ripe for determination and we will not address it. *See Pension Management, Inc.*, 58 Wis. 2d at 128, 205 N.W.2d at 555–56; *Verhagen*, 198 Wis. 2d at 194 n.3, 542 N.W.2d at 194 n.3.

 *B. Vagueness*

Although Armstead claims that both §§ 938.183 and 970.032, STATS., are unconstitutionally vague and ambiguous, she actually only specifically argues that the criteria listed in § 970.032(2)(a)–(c), STATS., the requirements needed to be "reverse waived" to juvenile

court, are unconstitutionally vague. We are not persuaded.

■■

The constitutionality of a statute is a question of law which this court reviews de novo. *See State v. Post,* 197 Wis. 2d 279, 301, 541 N.W.2d 115, 121 (1995). Armstead must prove that the statutes are unconstitutional beyond a reasonable doubt. *See id.* Statutes are presumed constitutional, and this court must indulge every presumption favoring the validity of the law. *See id.*

> "Before a court can invalidate a criminal statute because of vagueness, it must conclude that, because of some ambiguity or uncertainty in the gross outlines of the conduct prohibited by the statute, persons of ordinary intelligence do not have fair notice of the prohibition and those who enforce the laws and adjudicate guilt lack objective standards and may operate arbitrarily."

*State v. Pittman,* 174 Wis. 2d 255, 276, 496 N.W.2d 74, 83 (1993) (quoted source omitted). "The first prong of the vagueness test is concerned with whether the statute sufficiently warns persons 'wishing to obey the law that [their] . . . conduct comes near the proscribed area.' " *Id.* (alteration in original) (citation omitted). "The second prong is concerned with whether those who must enforce and apply the law may do so without creating or applying their own standards." *Id.* Armstead's challenge implicates the second prong of the test. Accordingly, Armstead will only prevail if the criteria specified in § 970.032(2)(a)–(c), STATS., are so ambiguous " 'that the trier of fact in ascertaining guilt or innocence is relegated to creating and applying its own standards of culpability rather than applying

standards prescribed in the statute or rule.' " *Id.* at 277, 496 N.W.2d at 83 (citation omitted).

The current law requires that if, following a preliminary examination, the adult court finds probable cause to believe that the child has committed the charged offense, that adult court must retain jurisdiction unless the child proves by a preponderance of the evidence all of the criteria listed in § 970.032(2)(a)–(c), STATS., which are:

> (a) That, if convicted, the child could not receive adequate treatment in the criminal justice system.
>
> (b) That transferring jurisdiction to the court assigned to exercise jurisdiction under chs. 48 and 938 would not depreciate the seriousness of the offense.
>
> (c) That retaining jurisdiction is not necessary to deter the child or other children from committing the violation of which the child is accused under the circumstances specified in s. 938.138(1) (a), (am), (b) or (c), whichever is applicable.

Armstead makes the following arguments in support of her claim that the criteria listed in § 970.032(2)(a)–(c), are unconstitutionally vague: (1) the statute does not define the terms "adequate treatment" used in § 970.032(2)(a); (2) there is no way to measure whether waiving Armstead to juvenile court would "depreciate the seriousness of the offense," and, therefore, those terms as used in § 970.032(2)(b) are "meaningless;" and (3) there is no way to demonstrate that retaining jurisdiction is not necessary to deter Armstead or other children, as required by § 970.032(2)(c). Again, we are not persuaded.

639

" 'Not every indefiniteness or vagueness is fatal to a criminal statute . . . . A fair degree of definiteness is all that is required.' " *State v. Courtney*, 74 Wis. 2d 705, 710, 247 NW.2d 714, 718 (1976) (citation omitted). The terms "adequate treatment," "depreciate the seriousness of the offense," and "necessary to deter the child or other children," are fairly definite. *See* § 970.032(2)(a)–(c). The terms provide trial courts with standards to use in deciding whether to retain jurisdiction, and do not require or allow trial courts to create their own standards. Although the standards are strict and therefore make it difficult for Armstead or other juveniles to prove that their case meets the criteria, this does not make the standards vague. Strictness and vagueness are not synonymous. Therefore, we conclude that § 970.032(2), STATS., is not unconstitutionally vague.

C. *Due process claim regarding the trial court's method of conducting the reverse waiver hearing.*

Armstead also claims that the method by which the trial court conducted her "reverse waiver" preliminary hearing violated her constitutional right to substantive due process. Essentially, Armstead contends that because § 970.032, STATS., is unconstitutionally vague, her counsel did not understand how to represent her during the hearing, and therefore, that the trial court should have decided her constitutional challenges to § 970.032, STATS., before the hearing, rather than afterward. We have already concluded that § 970.032 is not unconstitutionally vague. Additionally, Armstead cites no cases or statutes supporting the proposition that she was entitled to

a ruling before the hearing. Therefore, we reject this argument.

### D. Method of appealing "reverse waiver" decisions.

Armstead argues that "an appeal of a reverse waiver decision should be a mandatory appeal" pursuant to § 808.03(1), STATS. This court granted Armstead's petition for leave to appeal pursuant to § 808.03(2), STATS; therefore, this issue is moot. In any event, subsequent to granting Armstead's petition, this court ruled that "the appropriate avenue of review for a party aggrieved by a reverse waiver order is to seek leave to appeal under § 808.03(2) in the manner and within the ten-day deadline specified in § 809.50(1), STATS." *State v. Dominic E. W.*, 218 Wis. 2d 52, 54 n.2, 579 N.W.2d 282, 283 (Ct. App. 1998).

### E. Emotional appeal.

Finally, Armstead makes a purely emotional appeal to this court: "Even if this court finds the statutory scheme constitutional, Latosha should have been allowed to go back to the juvenile system because even though we do not know the exact meaning of the presumptions, she is still a child." Armstead makes no attempt to cite any relevant authorities or present any rational arguments in support of her emotional plea to this court to remove Armstead's case from adult court to juvenile court. According to RULE 809.19(1)(e), STATS., a party's appellate brief should contain "[a]n argument . . . contain[ing] the contention of the appellant [and] *the reasons therefor, with citations to the authorities, statutes and parts of the record relied on. . . .*" (Emphasis added.) Attempts to play on the emotions

of this court do not constitute a reasoned argument based on relevant authorities and do not help in determining the myriad legal issues raised in the briefs. Therefore, we decline to address this improperly briefed emotional plea.[6]

### III. CONCLUSION.

Armstead's equal protection claim, ineffective assistance claim, cruel and unusual punishment claim, and Article I, § 6 claim are all based on hypothetical and future facts. Therefore, they are not ripe for determination and we decline to address them. Although § 970.032, STATS., creates strict standards which must be met in order to justify reverse waiver, that statute is not unconstitutionally vague. Armstead's substantive due process claim regarding the method in which her reverse waiver hearing was conducted lacks merit. Armstead's claim regarding the method of appealing reverse waiver decisions is moot, and, in any event, this

---

[6] Armstead's brief also contains an improper attempt to circumvent the length restrictions on appellate briefs. Section 809.19(8)(c)1, STATS., states: "Those portions of a party's or a guardian ad litem's brief referred to in sub. (1)(d), (e), and (f) shall not exceed 50 pages if a monospaced font is used or 11,000 words if a proportional serif font is used." At page 31 of Armstead's main brief, she states that an argument related to her appeal was "extensively briefed in a document contained in the appendix entitled Motion to Dismiss and Memorandum of Law." Armstead then states, "Due to the unique complexity of this argument and page limitation, we are asking this court to review that document in support of this argument." This request is clearly improper. The length restrictions imposed by § 809.19(8)(c) would be completely ineffectual if parties were allowed to supplement their briefs with cross-referenced arguments contained in their appendices or in other parts of the record.

court has recently determined that reverse waiver decisions are appealable by permission under § 808.03(2), STATS., in the manner and within the deadline specified in § 809.50(1), STATS. Finally, we decline to respond to Armstead's emotional appeal. Therefore, we affirm the circuit court's order.

*By the Court.*—Order affirmed.