STATE of Wisconsin, Plaintiff-Respondent,†

v.

Wyatt Daniel HENNING, Defendant-Appellant.

Court of Appeals

*No. 02–1287–CR. Submitted on briefs January 23, 2003.—Decided February 26, 2003.*

2003 WI App 54

(Also reported in 660 N.W.2d 698.)

† Petition to review granted.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Jack E. Schairer*, assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Stephen W. Kleinmaier*, assistant attorney general.

Before Nettesheim, P.J., Brown and Snyder, JJ.

¶ 1. NETTESHEIM, P.J. This case brings to mind the words of the poet Robert Burns:

The best-laid schemes o'mice an' men

Gang aft a-gley[1]

¶ 2. The State charged Wyatt Daniel Henning with three counts of bail jumping and two counts of possession with intent to deliver a controlled substance. The basis for the bail jumping charges was Henning's

---

[1] Burns, Robert, "To A Mouse, On Turning Her Up in Her Nest With The Plough." "Gang aft a-gley" translates to "go off the planned line."

alleged commission of the possession with intent to deliver charges. Pursuant to a stipulation between Henning and the State, the trial court instructed the jury that Henning had no defense to the bail jumping charges if the jury found him guilty of either of the possession with intent to deliver charges. The jury, however, threw a monkey wrench into this well-intended effort to narrow the issues by asking whether Henning could be found guilty of the bail jumping charges based upon simple possession of controlled substances as opposed to possession with intent to deliver. Over Henning's objection, the trial court instructed the jury that it could do so. The jury then returned verdicts of guilty on the bail jumping charges, but not guilty on the possession with intent to deliver charges.

¶ 3. Henning appeals from the bail jumping convictions and from an order denying postconviction relief. Henning argues that the trial court's answer to the jury's question was contrary to the parties' stipulation which told the jury that Henning's fate on the bail jumping charges rested exclusively on the jury's resolution of the possession with intent to deliver charges. According to Henning, this created a risk that the jury's guilty verdicts on the bail jumping charges might be based on noncriminal conduct or that the verdicts might not be unanimous.

¶ 4. We agree. When the trial court allowed the jury to consider the crimes of simple possession of a controlled substance, the court did not provide the jury with any accompanying instructions regarding the law of lesser-included offenses. Nor did the court provide the jury with any verdicts inquiring as to such crimes. As a result, the grounds for the jury's determination that Henning had violated the conditions of his bond

667

are uncertain. We reverse the bail jumping convictions. We also hold that Henning's double jeopardy protections bar a remand for a new trial.

## FACTS AND PROCEDURAL HISTORY

¶ 5. On January 25, 2001, the Burlington police department was aware of an outstanding Racine county arrest warrant for Henning. On that day, Burlington police officer David Krupp observed a person, later identified as Jeff Willis, going to and from a vehicle parked across the street from a McDonald's restaurant. The vehicle was registered to Henning's brother, Heath, and to Henning's mother. Krupp had also been advised by another officer that other persons from the restaurant had entered the vehicle. Krupp stopped the vehicle and observed four occupants. Heath was the driver, and Henning and Willis were in the backseat. Krupp arrested Henning on the outstanding warrant. A search of Henning revealed a cell phone, charger, postal scale, a piece of paper with numbers on it, and $30. Krupp also discovered suspected marijuana and LSD packaged in a fashion ready for delivery in the armrest between the backseats. Heath was also searched, revealing $260 on his person.

¶ 6. The police had stopped this same vehicle operated by Heath the night before. Marijuana was found in the vehicle at that time. Heath admitted that the marijuana was his. Henning was not in the vehicle at that time.

¶ 7. Willis stated that he saw a "bag of weed" in the backseat when he entered the vehicle and that he saw Henning place the drugs in a package and put the package in the armrest. Willis said that he believed the drugs belonged to Henning.

668

¶ 8. Prior to these events, Henning had been released under conditions of release in two misdemeanor cases and one felony case. Pursuant to WIS. STAT. §§ 969.02(4) and 969.03(2) (1999–2000),[2] one condition of release was that Henning "shall not commit any crime." Therefore the State charged Henning not only with possession of a controlled substance (THC) with intent to deliver pursuant to WIS. STAT. § 961.41(1m)(h)1, and possession of a controlled substance (LSD) with intent to deliver pursuant to § 961.41(1m)(f)3, but also two counts of misdemeanor bail jumping and one count of felony bail jumping pursuant to WIS. STAT. § 946.49(1)(a) and (b), respectively.[3]

¶ 9. The matter proceeded to a jury trial. Prior to the presentation of evidence, Henning and the State stipulated in writing that if the jury found Henning guilty of either of the possession with intent to deliver charges, Henning had no defense to the bail jumping charges. The trial court approved the stipulation, and the State advised the jury of the stipulation during its opening statement. The State also reminded the jury that Henning was not charged with simple possession of the controlled substances, but rather with possession with intent to deliver the substances. As a result, the

---

[2] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

[3] WISCONSIN STAT. § 946.49(1)(a) and (b) provides that if the charge on which the defendant has been released is a misdemeanor, the ensuing bail jumping charge is a misdemeanor, and if the charge on which the defendant has been released is a felony, the ensuing bail jumping charge is a felony. In other words, the degree of the bail jumping charge is determined by the degree of the original charge, not by the degree of the new charge.

evidence in the case focused exclusively on the possession with intent to deliver charges, not the bail jumping charges.

¶ 10. During his final argument to the jury, Henning's counsel echoed the State's opening statement, cautioning the jury that it could not premise any findings of guilt on *any* of the charges based upon a determination that Henning merely possessed the controlled substances. Rather, counsel reiterated that the charges against Henning were possession with intent to deliver and that those charges were also the basis for the bail jumping charges.

¶ 11. In its final instructions, the trial court instructed the jury per the parties' stipulation that if the jury found Henning guilty of either of the possession with intent to deliver charges, Henning had no defense to the bail jumping charges. The trial court did not instruct the jury under the law of simple possession of a controlled substance, nor did the court provide any instructions under the law of lesser-included offenses. Likewise, the verdicts submitted to the jury did not address simple possession of controlled substances. Instead, the instructions and the verdict were limited to the charges alleged in the information and those addressed by the parties at trial—possession with intent to deliver controlled substances and bail jumping.

¶ 12. The first sign that the parties' and the trial court's "best laid scheme" might go awry arose during the deliberations when the jury inquired as to the conditions of Henning's release. The State contended that the proper response was that Henning was not to commit any further crimes. Henning contended that the proper response was to remind the jury of the parties' written stipulation that a finding of guilty on the bail jumping charges had to be premised on a

finding of guilty on either of the possession with intent to deliver charges.[4] The trial court adopted the State's proposal and advised the jury, "the condition of the bond was that [Henning] not commit a new crime while out on bond such as possession with intent to deliver LSD or THC."

¶ 13. Shortly thereafter the jury returned with a further question, asking whether it could find Henning guilty of bail jumping on the basis of simple possession of controlled substances as opposed to possession with intent to deliver. The State asked that the trial court answer this question "yes." Henning asked that the trial court answer the question "no." In support, Henning noted that he had tried the case based on the stipulation which provided that the predicate for the bail jumping charges was his alleged possession of the controlled substances with intent to deliver charges. Henning also noted that he had argued to the jury that the charge against him was not mere possession of the controlled substances, but rather possession with intent to deliver.

¶ 14. The trial court adopted the State's argument and answered the question "yes." The court did not give any further instructions relating to the law of lesser-included offenses. Nor did the court provide the jury with any verdicts pertaining to simple possession of controlled substances.

¶ 15. The jury returned verdicts finding Henning not guilty of the possession with intent to deliver controlled substances charges, but guilty of the bail jumping charges. Following the denial of his postverdict motions, Henning takes this appeal.

---

[4] Henning also requested that the trial court provide the jury with the parties' written stipulation.

## DISCUSSION

**■**

¶ 16. Henning offers two principal arguments in support of his request for outright reversal of the bail jumping convictions.[5] First, Henning contends that there is no certainty that the jury based the bail jumping guilty verdicts on his commission of a further crime. Second, Henning argues that even if the jury found criminal conduct, there is no certainty that the jury unanimously agreed as to such conduct.[6]

¶ 17. The State responds that Henning has no reason to fear that the jury premised the bail jumping verdicts upon noncriminal conduct. In support, the State correctly notes that the jury's inquiry as to the possible basis for finding Henning guilty of bail jumping was not open-ended. Instead, the jury inquired whether a guilty verdict on the bail jumping charges could be premised upon mere possession as opposed to possession with intent to deliver. As to Henning's unanimity concern, the State correctly notes that the THC and the LSD were packaged together in a single container. From this the State reasons that Henning's possession of one also constituted possession of the other.

¶ 18. While the State's responses are all borne out by the record, they do not ameliorate the fundamental problem posed by the facts of this case. Henning's

[5] In his original brief, Henning argued for reversal and remand for a new trial on the bail jumping charges. In a supplemental brief, Henning argued for outright reversal.

[6] Henning bases this argument on the fact that he was charged with possession with intent to deliver THC *and* possession with intent to deliver LSD. He reasons that some of the jurors may have believed he possessed THC, while others may have believed he possessed LSD.

defense to the bail jumping charges rested squarely on his defense to the possession with intent to deliver charges. To that end, the parties stipulated that Henning had no defense to the bail jumping charges if the jury found him guilty of either of the possession with intent to deliver charges.[7] The State informed the jury of this stipulation in its opening statement and further reminded the jury that Henning was not charged with mere possession of controlled substances, but rather with possession with intent to deliver those controlled substances.

¶ 19. As a result, the evidence in the case focused exclusively on the facts and circumstances pertaining to the possession with intent to deliver charges. At the jury instructions conference, neither the State nor Henning sought any lesser-included offenses pertaining to simple possession of the controlled substances. Nor did the trial court broach that subject. Echoing the State's opening statement, Henning's final argument reminded the jury that Henning was not charged with mere possession of controlled substances and cautioned that the jury could not premise a guilty verdict upon a belief that Henning had merely possessed the controlled substances. The State never disputed these statements in its rebuttal argument and never argued for guilty verdicts premised upon simple possession of a controlled substance.

---

[7] Bail jumping consists of three elements: (1) the defendant was previously arrested for a felony or misdemeanor; (2) the defendant was previously released from custody on bond; and (3) the defendant intentionally failed to comply with the terms of the bond. WIS. STAT. § 946.49; WIS JI—CRIMINAL 1795. By the stipulation, Henning conceded the first two elements and disputed the third.

¶ 20. As the trial court noted, the jury's question functionally transformed this case into a lesser-included offense case. And therein lies the fundamental problem. While the jury instructions on the possession with intent to deliver offenses included language regarding simple possession, *see* WIS JI—CRIMINAL 6035, the jury was not provided the "bridging" or "transition" instructions set out in WIS JI—CRIMINAL 112 for lesser-included offenses. As a result, the jury was not provided any guidance as to how it should conduct its deliberations in such a setting. In addition, and more troubling, is the absence of any verdicts pertaining to simple possession of a controlled substance.

¶ 21. Given the State's failure to seek a lesser-included offense, we can only assume that the State saw this case as an "all or nothing" contention that Henning possessed the controlled substances for purposes of delivery. Consistent with that approach, the State entered into the stipulation providing that Henning's violation of his bond rested on these same grounds, and the State stressed that point in its opening statement to the jury. We do not quarrel with the State's right to make this strategic choice. But having made it, the State has to live with it.

¶ 22. We also note that when the State prevailed upon the trial court, over Henning's objection, to allow the jury to consider the lesser-included offense of simple possession of controlled substances, the State did not seek any supplemental instructions relating to the law of lesser-included offenses. Nor did the State seek verdicts inquiring as to such charges.[8]

---

[8] Henning cannot be faulted with failing to seek these measures since he had objected on a threshold basis to the trial court's submission of the lesser-included offenses.

¶ 23. Admittedly, it is an open question whether Wisconsin law would even permit the introduction of a lesser-included offense after the jury has commenced its deliberations.[9] But having persuaded the trial court to adopt such a procedure, the State should have perceived the necessity for such additional instructions and verdicts. This was especially so in this case where the parties had stipulated that Henning's fate on the bail jumping charges rested squarely on the jury's verdicts on the possession with intent to deliver charges. If the verdicts on those greater charges were to be supplanted by the lesser charges, the jury should have been provided verdicts as to those lesser charges. Because such verdicts were not provided, we have no documentation of the jury's supposed determination that Henning possessed controlled substances.

¶ 24. The prejudice to Henning is compounded by the fact that Henning's counsel correctly reminded the jury in his final argument (as did the State in its opening statement) that Henning was not charged with

---

[9] Courts from other jurisdictions have approved this procedure in the appropriate case. In *United States v. Welbeck*, 145 F.3d 493 (2nd Cir. 1998), the court approved such a procedure after examining the law of other jurisdictions, noting that "[t]he weight of state authority holds that 'it would not be appropriate to adopt a *per se* rule which would declare the belated giving of any [lesser included offense] instruction to be prejudicial error.'" *Id.* at 496 (citation omitted). In those cases where a reversal has occurred, it is not because the practice is forbidden *per se,* but rather because the defendant was prejudiced under the particular facts of the case (i.e., the procedure coerced a deadlocked jury, the defendant was denied an opportunity to address the jury regarding the belated lesser-included offense, or the defendant made strategic concessions in the original jury summation which were damaging to the later lesser-included offense). *See id.* at 497.

simple possession. Relying on the parties' stipulation, counsel therefore properly cautioned the jury that it could not premise any guilty verdict upon a finding of simple possession. However, when the trial court later authorized the jury to find Henning guilty of bail jumping based on simple possession, Henning's final argument on this point was thoroughly discredited and he was made to look the fool.

¶ 25. We appreciate that *State v. Hauk*, 2002 WI App 226, 257 Wis. 2d 579, 652 N.W.2d 393, *review denied*, 2002 WI 121, 257 Wis. 2d 122, 653 N.W.2d 893 (Wis. Sept. 18, 2002) (No. 01–1669–CR), holds that a bail jumping conviction premised upon the commission of a further crime does not require proof of conviction of the further crime, but does require "evidence sufficient to allow a reasonable jury to conclude beyond a reasonable doubt that [the] defendant intentionally violated his or her bond by committing a crime." *Id.* at ¶ 19. We think it self-evident that when a bail jumping charge is premised upon the commission of a further crime, the jury must be properly instructed regarding the elements of that further crime. We think it equally self-evident that when a bail jumping charge is premised upon the commission of a lesser-included offense of such further crime, the jury must be properly instructed under the law of lesser-included offenses.

¶ 26. The question in this case is not the sufficiency of the evidence. In fact, we would readily uphold a jury verdict finding Henning guilty of bail jumping based upon the lesser-included crime of possession of controlled substances. Rather, the question here is whether the jury was adequately instructed as to that lesser-included offense. We hold it was not.

676

█

¶ 27. In addition, we have already noted the problem posed by absence of any verdicts pertaining to the lesser-included offense. In the ordinary bail jumping case, the trial court need not submit a separate verdict inquiring as to the defendant's guilt on the further crime. But where, as here, the further crime is separately charged and the court decides to submit a lesser-included offense, we conclude that the jury must be provided verdicts inquiring as to the lesser-included offense. Without such guidance and focus, we cannot confidently state: (1) that the jury premised its verdict upon criminal conduct; or (2) even if premised upon criminal conduct, that the verdict was unanimous.[10]

¶ 28. In the final analysis, we are asked to uphold an undocumented lesser-included jury finding based upon incomplete lesser-included jury instructions. We cannot do that.

¶ 29. That brings us to the question of the remedy. The State argues that if we reverse Henning's bail jumping convictions, we should remand for a new trial. However, two offenses are considered the "same offense" for double jeopardy purposes unless each offense requires proof of a fact that the other does not. *Dowling v. United States*, 493 U.S. 342, 355 (1990) (citing *Blockburger v. United States*, 284 U.S. 299, 304 (1932)). The

---

[10] In *State v. Hansford*, 219 Wis. 2d 226, 580 N.W.2d 171 (1998), the defendant was convicted of obstructing an officer and of bail jumping premised upon the obstructing charge. *Id.* at 233. The supreme court reversed the obstructing conviction because the defendant was denied the right to a jury trial. *Id.* at 243. The court additionally reversed the bail jumping conviction because "the bail jumping conviction was premised solely upon the Defendant's obstructing conviction." *Id.* at 245.

core protection of the Double Jeopardy Clause attaches to an acquittal and prohibits retrial for the "same offense" after an acquittal. *Dowling*, 493 U.S. at 355. Pursuant to the "elements only" test of *Blockburger*, possession of a controlled substance is clearly a lesser-included offense of the greater offense of possession of a controlled substance with intent to deliver. Since Henning has been acquitted of the greater offense, he cannot be retried for bail jumping based on a lesser-included offense. We reverse outright.

*By the Court.*—Judgments and order reversed.