STATE of Wisconsin, Plaintiff-Respondent,

v.

Marie WILLIAMS, Defendant-Appellant.†

Court of Appeals

*No. 2015AP2044–CR. Submitted on briefs June 9, 2016.
—Decided October 19, 2016.*

2016 WI App 82

(Also reported in 888 N.W.2d 1.)

† Petition for Review Filed.

366

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Andrea Taylor Cornwall* and *Carly M. Cusack*, assistant state public defender of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Thomas J. Balistreri*, assistant attorney general, and *Brad D. Schimel*, attorney general.

Before Reilly, P.J., Gundrum and Hagedorn, JJ.

¶ 1. GUNDRUM, J. We granted Marie Williams' petition for leave to appeal,[1] which was supported by

---

[1] This court granted leave to appeal the order. *See* Wis.

the State, to determine whether entitlement to "immun[ity] from prosecution" under WIS. STAT. § 961.443 as an "aider" of a person believed to be suffering from a drug overdose is to be decided by the circuit court pretrial or by the fact finder at trial. The circuit court ruled the question should be determined at trial; Williams and the State assert it should be determined pretrial. We also address which party carries the burden of proof on the immunity question and by what standard. Williams and the State agree the burden should be on the defendant to prove by a preponderance of the evidence that he/she is entitled to this statutory immunity. Lastly, Williams argues she is entitled to immunity not only on the charges that correspond to the crimes specifically listed in the statute but also on related bail jumping charges.[2] The State contends that if Williams is entitled to immunity, it is only on the charges that correspond to the specific crimes listed in the statute.

¶ 2. We agree with Williams and the State that the question of immunity is to be decided by the circuit court pretrial and that the defendant carries the burden of proving by a preponderance of the evidence his/her entitlement to the immunity. On the final issue, we agree with the State that if Williams is entitled to immunity, the immunity only applies to the charges related to the specific crimes listed in the statute. We reverse and remand for further proceedings.

### Background

¶ 3. The State charged Williams as a repeater on the following seven counts: one count of possession of

---

[2] Because the circuit court ruled the immunity question should be answered at trial, it did not address this issue or the burden and standard of proof issues.

a controlled substance, under Wɪs. Sᴛᴀᴛ. § 961.41(3g)(b); one count of possession of narcotic drugs, as a party to the crime, under § 961.41(3g)(am); one count of possession of drug paraphernalia, as a party to the crime, under Wɪs. Sᴛᴀᴛ. § 961.573(1); and four counts of bail jumping under Wɪs. Sᴛᴀᴛ. § 946.49(1)(b). According to the criminal complaint, on February 7, 2015, a deputy with the Kenosha County Sheriff's Department responded to a single-vehicle accident. The deputy observed that the passenger of the vehicle "appeared to be unconscious, but breathing." The driver of the vehicle, Williams, claimed she was taking the passenger to the hospital because he had overdosed on drugs. Based on field sobriety testing and observations of Williams, the deputy believed Williams "appeared to be under the influence of a Narcotic Analgesic or heroin." She was ultimately cited for OWI.

¶ 4. Upon searching the vehicle, the deputy located a Morphine Sulfate pill, drug paraphernalia, and a GPS electronic ankle monitor, which Williams claimed had fallen off. Another deputy at the scene located an unlabeled medication bottle filled with pills, which Williams stated were alprazolam. Williams admitted to earlier ingesting two alprazolam pills in addition to "a Percocet." She claimed to have a prescription for the alprazolam and the Percocet pills.

¶ 5. Each of Williams' four bail jumping charges stem from the fact that, at the time of this incident, Williams was charged with and released on bond in relation to a felony in an earlier Racine County case. Three of the bail jumping charges relate to her allegedly "intentionally fail[ing] to comply with the terms of her bond" by committing the three drug-related crimes with which she is charged in this case. The fourth bail

jumping charge relates to her allegedly intentionally failing to comply with an electronic monitoring term of her bond.

¶ 6. Williams moved the circuit court to dismiss all charges except the bail jumping charge related to electronic monitoring. She argued she was entitled to immunity as an "aider" under WIS. STAT. § 961.443(1)(a) in that she (1) had been attempting to take the passenger to the hospital because she believed he was suffering from a drug overdose and (2) had remained on the scene after the accident to advise the deputies the passenger had overdosed. The State opposed Williams' motion, arguing that Williams was not entitled to immunity based upon the specific facts of the case.

¶ 7. At the hearing on Williams' motion, the circuit court declined to rule on the immunity question, concluding it was an issue to be decided by a fact finder at trial, not by the court pursuant to a pretrial motion. The court subsequently issued an order denying the motion. Williams filed her petition for leave to appeal based upon this nonfinal order, and we granted the petition.

## *Discussion*

### *When and by whom immunity is determined*

■

¶ 8. We agree with Williams and the State that a circuit court should determine pretrial whether a defendant, such as Williams, is entitled to immunity pursuant to WIS. STAT. § 961.443.[3] If the defendant meets the requirements of the statute, the charges for

---

[3] Although no party discusses WIS. STAT. § 971.31(1), our holding appears consistent with this statute, which pro-

which immunity is provided thereunder must be dismissed; if not, they may proceed.

██

¶ 9. This appeal requires us to interpret Wis. Stat. § 961.443. Interpretation of a statute is a matter of law we review de novo. *State v. Simmelink*, 2014 WI App 102, ¶ 5, 357 Wis. 2d 430, 855 N.W.2d 437. Section 961.443 provides:

**Immunity from criminal prosecution; possession. (1)** DEFINITIONS. In this section, "aider" means a person who does any of the following:

(a) Brings another person to an emergency room, hospital, fire station, or other health care facility if the other person is, or the person believes him or her to be, suffering from an overdose of, or other adverse reaction to, any controlled substance or controlled substance analog.

(b) Summons a law enforcement officer, ambulance, emergency medical technician, or other health care provider, to assist another person if the other person is, or the person believes him or her to be, suffering from an overdose of, or other adverse reaction to, any controlled substance or controlled substance analog.

(c) Dials the telephone number "911" or, in an area in which the telephone number "911" is not available, the number for an emergency medical service provider, to obtain assistance for another person if the other person is, or the person believes him or her to be, suffering from an overdose of, or other adverse reaction to, any controlled substance or controlled substance analog.

**(2)** IMMUNITY FROM CRIMINAL PROSECUTION. An aider is

vides: "Any motion which is capable of determination without the trial of the general issue may be made before trial."

371

immune *from prosecution under [*W<small>IS</small>. S<small>TAT</small>. *§] 961.573* for the possession of drug paraphernalia, *under [*W<small>IS</small>. S<small>TAT</small>. *§] 961.41(3g)* for the possession of a controlled substance or a controlled substance analog . . . under the circumstances surrounding or leading to his or her commission of an act described in sub. (1). (Emphasis added.)

¶ 10. The legislature did not expressly provide in W<small>IS</small>. S<small>TAT</small>. § 961.443 for *who* should make the immunity decision and *when* that decision should be made. During the hearing on Williams' motion to dismiss, the circuit court indicated its belief that the protection of this statute should be treated as an affirmative defense and the issue resolved by the fact finder at trial. Williams and the State assert the decision should be made by the court pursuant to a pretrial motion.[4] We conclude Williams and the State are correct. While the circuit court's approach may (or may not) ultimately result in a defendant's acquittal, it would subject the defendant to the burden of prosecution, which the statute specifically protects against.

¶ 11. The plain language of the statute makes an individual who is entitled to its protection "immune from prosecution" for the specified crimes. *See* W<small>IS</small>. S<small>TAT</small>. § 961.443(2). "Immunity" is an "exemption from a duty, liability, or service of process." *Immunity,* B<small>LACK</small>'<small>S</small> L<small>AW</small> D<small>ICTIONARY</small> (10th ed. 2014); *see also* Bryan A. Garner, G<small>ARNER</small>'<small>S</small> D<small>ICTIONARY OF</small> L<small>EGAL</small> U<small>SAGE</small> 427 (3rd ed. 2011) ("[I]mmune can take *to* or *from,* depending on nuance. In the most refined usage, what you're *im-*

---

[4] Supporting Williams' position on this issue, the State asserts W<small>IS</small>. S<small>TAT</small>. § 961.443 "creates a procedural defense that provides a complete bar to the filing of any charges, as well as any trial, for the specified crimes if a person qualifies as an 'aider.' "

mune from can't touch you; what you're *immune to* can touch you, but without effect."); *Immunity,* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (1993) (defining "immunity" as "freedom or exemption from a charge, duty, obligation, office, tax, imposition, penalty, or service esp. as granted by law to a person or class of persons"). This understanding of "immunity" comports with that of our supreme court in *State v. Worgull,* 128 Wis. 2d 1, 14, 381 N.W.2d 547 (1986), where the court, considering a question of transactional immunity, stated that a grant of such immunity "preclud[ed] the criminal prosecution" against Worgull.

¶ 12. In the criminal context, to "prosecute" means to initiate and pursue a criminal action against a person. *See Prosecute,* BLACK'S LAW DICTIONARY (10th ed. 2014) ("[p]rosecute" means "[t]o commence and carry out [a legal action]"; "[t]o institute and pursue a criminal action against [a person]"); Bryan A. Garner, GARNER'S DICTIONARY OF LEGAL USAGE 723 (3rd ed. 2011) ("[p]rosecute" means "to begin a case at law for punishment of a crime or of a legal violation"; "to institute legal proceedings against [a person] for some offense"); *Prosecute,* WEBSTER'S THIRD NEW INTERNATIONAL LAW DICTIONARY (1993) ("[p]rosecute" means "to institute legal proceedings against; esp: to accuse of some crime or breach of law or to pursue for redress or punishment of a crime or violation of law in due legal form before a legal tribunal"; "to institute legal proceedings with reference to" a claim, an application, an action, or a crime; "to institute and carry on a legal suit or prosecution: sue" for "public offenses"). This meaning is consistent with the understanding expressed in Wisconsin statutes and case law. For example, WIS. STAT. § 967.05(1) provides that "[a] prosecution may be commenced by the filing of: (a) A complaint; (b) In the

case of a corporation or limited liability company, an information; (c) An indictment"; Wis. Stat. § 968.02(2) provides that a prosecution is commenced with the filing of a criminal complaint; and Wis. Stat. § 939.74(1) provides that "[w]ithin the meaning of this section, a prosecution has commenced when a warrant or summons is issued, an indictment is found, or an information is filed." In *State v. Jennings*, 2003 WI 10, ¶¶ 18–23, 27, 259 Wis. 2d 523, 657 N.W.2d 393, our supreme court expressed that a prosecution is initiated "with the earliest action to commence criminal proceedings."

■

¶ 13. Based upon the foregoing, we agree with Williams and the State that Wis. Stat. § 961.443(2) provides that no charges under Wis. Stat. § 961.41(3g) or Wis. Stat. § 961.573 are to be instituted against an individual in a circumstance that satisfies the language of § 961.443. Of course, if there is uncertainty based upon the particular facts of a case as to whether an individual is entitled to this immunity, the State may initiate a prosecution. If that occurs and the defendant files a motion claiming entitlement to immunity under § 961.443, a determination should be made by the circuit court at the earliest opportunity as to whether the defendant is so entitled. If he/she is so entitled, §§ 961.41(3g) and 961.573 charges must be dismissed; if not, the charges may proceed. Delay in the immunity determination would inject unnecessary uncertainty into the prosecution and result in the use of taxpayer resources to continue a prosecution that may eventually be dismissed on immunity grounds. Delay also undermines the benefit the legislature intended to provide an individual who aids a person he/she believes is suffering from an adverse reaction to

drugs. If a defendant requests a hearing to present evidence in order to meet his/her burden to prove entitlement to immunity ("burden" issue addressed below),[5] the circuit court should hold an evidentiary hearing.[6]

*The burden and standard of proof*

¶ 14. We also agree with Williams and the State that the defendant should bear the burden of proving by a preponderance of the evidence his/her entitlement to Wis. Stat. § 961.443 immunity.

¶ 15. In deciding where the burden of proof appropriately lies, we consider five-factors: (1) the natural tendency to place the burden on the party desiring change, (2) special policy considerations, (3) convenience, (4) fairness, and (5) the judicial estimate of probabilities. *State v. West*, 2011 WI 83, ¶ 63, 336 Wis. 2d 578, 800 N.W.2d 929. A defendant invoking Wis. Stat. § 961.443 seeks to change the existing situation by having charges against him/her dismissed;

[5] In this case, Williams and the State stipulated that the circuit court could make factual findings based upon the police reports. Because the court ruled that the immunity decision should be made at trial, it made no findings.

[6] We note that our holding is in accord with cases applying "Stand Your Ground"/"Castle Doctrine" laws. In that context, multiple state supreme courts have held that the question of a defendant's entitlement to immunity "from criminal prosecution" should be determined by the trial court in a pretrial hearing. *See State v. Duncan*, 709 S.E.2d 662, 665 (S.C. 2011); *Dennis v. State*, 51 So. 3d 456, 462 (Fla. 2010); *Fair v. State*, 664 S.E.2d 227, 230 (Ga. 2008); *People v. Guenther*, 740 P.2d 971, 975–76 (Co. 1987).

therefore, the first factor favors placing on the defendant the burden of proving his/her entitlement to immunity. As to the second factor, the legislature appears to have created this special "aider" immunity to remove a disincentive an individual would have to seeking aid for a fellow drug user who appears to be suffering from an adverse reaction to drugs. That said, immunity is an extraordinary protection which provides that even if an individual did commit a crime, he/she will not be prosecuted for it. Due to the significant public interest in prosecuting drug crimes, *see, e.g., State v. Parisi*, 2016 WI 10, ¶ 59, 367 Wis. 2d 1, 875 N.W.2d 619 (recognizing "the State's own compelling interest in countering heroin use and addiction"), and *State v. Peck*, 143 Wis. 2d 624, 634, 422 N.W.2d 160 (1988) ("Preservation of the public health and safety is the obvious purpose underlying Wisconsin's drug laws, and we see a compelling state purpose in the regulation of marijuana and other controlled substances."), the second factor also favors placing the burden of proof on the defendant.

¶ 16. Convenience, the third factor, likewise favors placing the burden on the defendant. Our supreme court has stated: "[W]here the facts with regard to an issue lie peculiarly in the knowledge of a party, that party has the burden of proving the issue." *West*, 336 Wis. 2d 578, ¶ 67 (quoting *State v. McFarren*, 62 Wis. 2d 492, 500, 215 N.W.2d 459 (1974)). As Williams acknowledges, "the circumstances of the overdose situation are more likely to be known by the defendant, who is in the best position to assert them in support of a claim that he or she is entitled to immunity from prosecution." We agree that in most cases a defendant will be the one with the best knowledge of the facts necessary for the circuit court's determina-

tion as to whether he/she meets the requirements of Wis. Stat. § 961.443. In particular, we observe that each of the three subsets of conduct under § 961.443(1) that qualifies an individual for immunity provides for such immunity if the defendant "believe[d]" at the time that the aided person was suffering from an adverse reaction to a drug. Sec. 961.443(1)(a)-(c), (2). Such belief relates personally to the defendant and, thus, he/she would be in the natural position to provide supporting evidence.

¶ 17. The fourth factor, fairness, involves two components: "proof of exceptions" and "proof of negatives." *State v. Verhagen*, 198 Wis. 2d 177, 189, 542 N.W.2d 189 (Ct. App. 1995). "Proof of exceptions is the rule that the one who relies on an exception to a general rule or statute has the burden of proving that the case falls within the exception." *Id.* The general rule is that persons may be prosecuted for violating Wis. Stat. §§ 961.41(3g) and 961.573—the drug laws identified in Wis. Stat. § 961.443—and society has a strong interest in such prosecutions. Granting immunity to an individual who may have violated these laws is an exception to the general rule. With regard to "proof of negatives," a consideration similar to the convenience factor, "[t]he party asserting the negative has the burden to prove it unless the facts are peculiarly within the other party's knowledge or are much more difficult for the former to prove than the latter." *State v. Hanson*, 98 Wis. 2d 80, 90, 295 N.W.2d 209 (Ct. App. 1980) (quoting *McFarren*, 62 Wis. 2d at 503). As we have stated, a defendant will ordinarily be in a much better position to establish that he/she meets the requirements for immunity than for the State to prove

the opposite. Thus, the fairness factor also favors placing the burden of proof for immunity on the defendant.

¶ 18. The last factor involves a judicial estimate of probabilities, which "recognizes that the 'risk of failure of proof may be placed upon the party who contends that the more unusual has occurred.' " *Verhagen*, 198 Wis. 2d at 188 (citations omitted). Regarding this factor, we consider two key proof requirements of Wis. Stat. § 961.443—whether the would-be aider in fact made contact with government authorities or a health care facility or personnel as discussed in § 961.443(1)(a)-(c) and whether the would-be aider in fact believed his/her acquaintance was suffering from an adverse reaction to drugs. We believe it more unusual for a person in possession of illegal drugs or drug paraphernalia to make a deliberate effort to come into contact with government authorities or a health care facility or personnel while in possession of such items; however, we think it also would be unusual for a person to assist an acquaintance by deliberately making such contact if the person did not actually believe the acquaintance was suffering from an adverse health condition. *See id.* Thus, this factor is mixed and does not influence our burden of proof determination. Considering all the factors, we conclude the burden of proof on the immunity question appropriately falls on the defendant.

¶ 19. Neither party has suggested, nor have we been able to independently determine, why the defendant should have to prove his/her entitlement to the immunity protection of Wis. Stat. § 961.443 by a standard more burdensome than a preponderance of the evidence. More so than the "clear and convincing" or "beyond a reasonable doubt" standards, the less de-

manding preponderance of the evidence standard is consistent with the legislature's apparent intention to remove a disincentive a fellow drug user would have to seeking aid for an overdose victim. It is also consistent with the standard for certain other pretrial motions where the burden is placed on the defendant. *See State v. Rewolinski*, 159 Wis. 2d 1, 16, 464 N.W.2d 401 (1990); *State v. Edwards*, 98 Wis. 2d 367, 376–77, 297 N.W.2d 12 (1980); *State v. Rogers*, 148 Wis. 2d 243, 246–47, 435 N.W.2d 275 (Ct. App. 1988). For these reasons, we agree with Williams and the State that a defendant, such as Williams here, bears the burden of proving his/her entitlement to immunity under § 961.443 by a preponderance of the evidence.[7]

*Whether immunity would apply to Williams' bail jumping charges*

■

¶ 20. Williams argues the immunity afforded by Wis. Stat. § 961.443 should not only immunize her as to the charges under Wis. Stat. §§ 961.573 and 961.41(3g) for possession of drug paraphernalia and illegal drugs (Counts 5–7) respectively, but also should immunize her as to the three bail jumping charges supported by these drug-related charges (Counts 1–3). The State

---

[7] We note this conclusion is in accord with cases applying "Stand Your Ground"/"Castle Doctrine" laws, in which multiple state supreme courts have indicated the defendant bears the burden of proving by a preponderance of the evidence his/her entitlement to immunity from criminal prosecution. *See Bretherick v. State*, 170 So.3d 766, 768 (Fla. 2015); *Duncan*, 709 S.E.2d at 665; *Bunn v. State*, 667 S.E.2d 605, 608 (Ga. 2008); *Guenther*, 740 P.2d at 980–81.

disagrees, arguing immunity only applies with regard to the offenses specifically listed in the statute. We agree with the State.

¶ 21. Williams acknowledges that WIS. STAT. § 961.443 only explicitly provides immunity from prosecution under WIS. STAT. §§ 961.573 and 961.41(3g) for possession of drug paraphernalia and illegal drugs respectively. Nonetheless, she contends we should "broadly" read § 961.443 so as to also afford immunity with regard to the bail jumping charges because "conduct" related to and "elements" of §§ 961.573 and 961.41(3g) are necessary to prove those charges. She asserts that such an extension of immunity would be consistent with the "clear intent" of the legislature "to remove disincentives that prevent witnesses from seeking help for overdose victims." We are unpersuaded. The legislature could have written the law as broadly as Williams wishes it had, but it did not. Instead, it immunized an aider *only* with regard to crimes under the two specific statutes it listed.

¶ 22. Williams reads more into WIS. STAT. § 961.443 than the legislature clearly intended. Section 961.443(2) provides that "[a]n aider is immune from prosecution *under [WIS. STAT. §] 961.573,* for the possession of drug paraphernalia, and *under [WIS. STAT. §] 961.41(3g)* for the possession of a controlled substance or a controlled substance analog." (Emphasis added.) The legislature was very specific with regard to the narrow, limited list of crimes for which immunity applies, and we are not at liberty to expand that list. Rather, we must respect the legislature's choice to provide immunity only for the crimes delineated. *See Monroe Cty. Dep't of Human Servs. v. Luis R.,* 2009 WI App 109, ¶ 42, 320 Wis. 2d 652, 770 N.W.2d 795 ("Under well-established principles of statutory con-

struction we do not read extra words into a statute to achieve a particular result."); *see also Graziano v. Town of Long Lake*, 191 Wis. 2d 812, 822, 530 N.W.2d 55 (Ct. App. 1995) ("When interpreting the language of a statute, '[i]t is reasonable to presume that the legislature chose its terms carefully and precisely to express its meaning.' " (citation omitted)).

¶ 23. Williams essentially asks us to act as a superlegislature, contemplating and enacting immunity for crimes in addition to those listed. That is not our role. If the legislature meant to provide immunity for bail jumping offenses founded in part upon violations of WIS. STAT. § 961.573 or WIS. STAT. § 961.41(3g), it could have easily written this into WIS. STAT. § 961.443. It did not. The legislature wrote only that immunity would apply to the possession of illegal drugs and drug paraphernalia statutes cited in § 961.443(2); it did not go so far as to determine that possessing such illegal items while released on bond for another crime also would be immune. We are bound by the words the legislature chose. On the bail jumping charges, Williams is being prosecuted *under WIS. STAT. § 946.49(1)(b)*, not § 961.573 or § 961.41(3g). That ends it.

### Response to Concurrence

¶ 24. In his concurrence, our colleague voices his opinion that our supreme court's decision in *State v. Hansford*, 219 Wis. 2d 226, 580 N.W.2d 171 (1998), "suggests that if immunity applies in this case, then the charges for bail jumping (Counts 1, 2, and 3) also cannot stand as the State is unable to prove the underlying additional crimes." We disagree.

¶ 25. Hansford was released on bond with the condition that he "not commit any crime." *Id.* at

243–44. He was subsequently charged with misdemeanor battery and obstructing an officer, and, because of those charges, was also charged with bail jumping. *Id.* at 231, 244. Hansford waived his right to a jury trial on the bail jumping charge. *Id.* at 231. Pursuant to a statute mandating six-person juries in misdemeanor cases, *id.* at 232, the battery and obstructing charges were tried to a six-person jury. The jury acquitted Hansford on the battery charge and convicted him on the obstructing charge. *Id.* at 233. At a subsequent court trial on the bail jumping charge, the circuit court convicted Hansford of bail jumping, "citing [Hansford's] conviction for obstructing as violating the terms of his bond." *Id.*

¶ 26. On appeal, our supreme court reversed Hansford's obstructing conviction because the conviction by a jury of six persons instead of twelve violated a provision of the Wisconsin Constitution. *Id.* at 241–43. The court also reversed the bail jumping charge. In doing so, it noted:

> There are three elements that must be met for a conviction of bail jumping: (1) the individual must have been arrested for, or charged with, a felony or misdemeanor; (2) the individual must be released from custody on bond; and (3) the individual must have intentionally failed to comply with the terms of his or her bond.

*Id.* at 244. The court pointed out that the parties had stipulated to the first two elements. *Id.* With regard to the third element, the court stated: "In finding that the State had proved beyond a reasonable doubt that [Hansford] intentionally failed to comply with the terms of his bond, the circuit court *noted only* that '*a jury has found* beyond a reasonable doubt that . . . the defendant

committed the crime of obstructing.' " *Id.* at 244–45 (emphasis added). The *Hansford* court added:

> Because the bail jumping conviction was premised *solely upon* [Hansford's] obstructing *conviction,* which we now reverse, the bail jumping conviction must also be reversed. Absent a *finding* that [Hansford] committed a crime, the State has not proved beyond a reasonable doubt an element of the bail jumping charge— that [Hansford] intentionally failed to comply with the term of his bond prohibiting criminal activity . . . . The State must prove each element of a crime beyond a reasonable doubt before a Defendant may be found guilty. Because we are reversing [Hansford's] conviction for obstructing, we conclude as a matter of law that the evidence, viewed most favorably to the State, does not support the Defendant's conviction for bail jumping.

*Id.* at 245 (emphasis added; citations omitted).

¶ 27. From all of this, it appears the *Hansford* court reversed Hansford's bail jumping conviction because the circuit court, as the fact finder in Hansford's court trial on the bail jumping charge, failed to make *its own finding* that Hansford had violated the obstructing an officer statute but instead concluded the third bail jumping element had been proven solely because the jury in the earlier jury trial had found Hansford had committed the crime of obstructing. *Id.* at 244–45. The *Hansford* court's language strongly suggests that had the State presented sufficient evidence at the bail jumping court trial, and the circuit court made its own, independent and proper finding at that trial that Hansford's underlying conduct satisfied the elements of obstructing an officer, the bail jumping charge would have been affirmed, despite the reversal on the stand-alone obstructing charge.

383

¶ 28. Our interpretation of *Hansford* is supported by other case law. In *State v. Rice*, 2008 WI App 10, ¶ 1, 307 Wis. 2d 335, 743 N.W.2d 517 (2007), Rice argued on appeal that "there was insufficient evidence to support the bail jumping charge because he was acquitted of the burglary that charge was based on." We observed that "[t]he jury convicted Rice of bail jumping, which is inconsistent with its verdict acquitting him of" the burglary charge on which the bail jumping charge was based, but we concluded that "whether the evidence is sufficient to support a conviction is decided independently of jury verdicts on related charges." *Id.*, ¶¶ 2, 27. "The *only question* is whether there was sufficient evidence on which a jury could find all the elements of" the burglary on which the bail jumping charge was based. *Id.*, ¶ 27 (emphasis added). Specifically responding to Rice's reliance upon *Hansford*, we noted that *Hansford* did not involve inconsistent verdicts but "involved two sequential verdicts, where the first verdict itself, *rather than independent evidence,* supported the second conviction. *In that situation,* the court held that reversal of the first conviction required reversal of the second as well." *Rice,* 307 Wis. 2d 335, ¶ 29 (emphasis added).

¶ 29. In *State ex rel. Jacobus v. State*, 208 Wis. 2d 39, 53, 559 N.W.2d 900 (1997), our supreme court noted our observation in an earlier case that "bail jumping and the conduct underlying a bail jumping charge are 'distinct and separate offenses.' " (citing *State v. Nelson*, 146 Wis. 2d 442, 449, 432 N.W.2d 115 (Ct. App. 1988)). It added: "Where the State prosecutes an individual under Wis. Stat. § 946.49 for bail jumping, the focus of the prosecution is on the fact that the individual has violated a condition of his or her bond. The focus is not on the underlying act." *Id.*

¶ 30. We conclude that even if Williams is found to be immune from prosecution for the possession of drugs and drug paraphernalia charges, she nonetheless may be properly prosecuted and convicted of the bail jumping charges, so long as the State satisfies the third element of the bail jumping charges by proving at trial the elements of the possession of drugs and drug paraphernalia crimes which underlie the bail jumping charges. *See* WIS JI—CRIMINAL 1795.

*By the Court.*—Order reversed and cause remanded for further proceedings.

¶ 31. REILLY, P.J. (*concurring*). I join with the majority that the question of immunity from prosecution under WIS. STAT. § 961.443(1)(a) should be decided pretrial by the circuit court and that Marie Williams has the burden to prove by a preponderance of the evidence that she is entitled to immunity under the statute. I also agree with the majority's conclusion that the immunity would only apply to Williams' charges under WIS. STAT. §§ 961.573 and 961.41(3g). I write separately to express my belief that a charge of bail jumping that is predicated on the commission of additional crimes, as is the case here, requires that the State prove beyond a reasonable doubt that Williams committed the additional crime. If Williams is entitled to immunity for Counts 5, 6, and 7, then it is my belief that the State would be unable to establish proof beyond a reasonable doubt that Williams "commit[ed] an additional crime" sufficient to maintain the bail jumping charges under Counts 1, 2, and 3.

¶ 32. Three elements must be met to establish a conviction for bail jumping: "(1) the individual must have been arrested for, or charged with, a felony or misdemeanor; (2) the individual must be released from

custody on bond; and (3) the individual must have intentionally failed to comply with the terms of his or her bond." *State v. Hansford*, 219 Wis. 2d 226, 244, 580 N.W.2d 171 (1998); *see also* WIS JI—CRIMINAL 1795. If the violation of bond is alleged to be the commission of an additional criminal offense, the State must "prove by evidence which satisfies [the jury] beyond a reasonable doubt that the defendant committed the crime." WIS JI—CRIMINAL 1795 ("This sentence was added in the 2005 revision to make it clear to the jury that the State must prove, beyond a reasonable doubt, that the defendant committed the new crime on which the bail jumping charge is based."); *see also State v. Henning*, 2003 WI App 54, ¶ 25, 261 Wis. 2d 664, 660 N.W.2d 698, *rev'd on other grounds*, 2004 WI 89, 273 Wis. 2d 352, 681 N.W.2d 871 ("We think it self-evident that when a bail jumping charge is premised upon the commission of a further crime, the jury must be properly instructed regarding the elements of that further crime.").

¶ 33. In *Hansford*, the defendant was charged with battery, obstructing an officer, and bail jumping. *Hansford*, 219 Wis. 2d at 231. Only the underlying charges of battery and obstructing an officer were tried to a jury, while Hansford waived his right to a jury trial on the bail jumping charge and stipulated that he was on bond at the time of the charged underlying offenses. *Id.* at 231–32. The jury only found Hansford guilty of obstructing an officer, and the court ultimately found him guilty of bail jumping based on his stipulation. *Id.* at 233. Our supreme court reversed the obstructing conviction on other grounds, and subsequently held that as there was no longer sufficient evidence to support Hansford's bail jumping conviction, it must also be reversed. *Id.* at 245. According to the court:

> Absent a finding that the Defendant committed a crime, the State has not proved beyond a reasonable doubt an element of the bail jumping charge—that the Defendant intentionally failed to comply with the term of his bond prohibiting criminal activity. *See* Wis. Stat. § 946.49(1). The State must prove each element of a crime beyond a reasonable doubt before a Defendant may be found guilty.

*Hansford*, 219 Wis. 2d at 245. Further, "[b]ecause we are reversing the Defendant's conviction for obstructing, we conclude as a matter of law that the evidence, viewed most favorably to the State, does not support the Defendant's conviction for bail jumping." *Id.*

¶ 34. Similarly in this case, if on remand the circuit court determines that Williams is entitled to immunity as an "aider" under Wis. Stat. § 961.443(1)(a), Williams would be precluded from criminal prosecution under Counts 5, 6, and 7 and "no charges under Wis. Stat. § 961.41(3g) or Wis. Stat. § 961.573 [could] be initiated against" her. Majority, ¶¶ 10, 13. Without these additional criminal charges, the State would be unable to "prove[] beyond a reasonable doubt an element of the bail jumping charge." *Hansford*, 219 Wis. 2d at 245. As the majority explains, § 961.443(2) only explicitly provides immunity from prosecution under §§ 961.41(3g) and 961.573, and I agree with the majority's reasoning. Majority, ¶ 21. I am persuaded, however, that the court's holding in *Hansford* suggests that if immunity applies in this case, then the charges for bail jumping (Counts 1, 2, and 3) also cannot stand as the State is unable to prove the underlying additional crimes.