# COURT OF APPEALS
## COURT OF APPEALS OF WISCONSIN
## PUBLISHED OPINION

Case No.:        2019AP1532-CR

†Petition for Review Filed

Complete Title of Case:


**STATE OF WISCONSIN,**

**PLAINTIFF-APPELLANT,**

**V.**

**NATHANIEL R. LECKER,**

**†DEFENDANT-RESPONDENT.**


| | |
|---|---|
| Opinion Filed: | September 1, 2020 |
| Submitted on Briefs: | June 17, 2020 |
| Oral Argument: | |

| | |
|---|---|
| JUDGES: | Stark, P.J., Hruz and Seidl, JJ. |
| Concurred: | |
| Dissented: | |

Appellant
ATTORNEYS:        On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Joshua L. Kaul*, attorney general, and *Winn S. Collins*, assistant attorney general.

Respondent
ATTORNEYS:        On behalf of the defendant-respondent, the cause was submitted on the brief of *Michael Covey* of *Covey Law Office*, Madison.

## COURT OF APPEALS
## DECISION
## DATED AND FILED

### September 1, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP1532-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. **2018CF1096**

**IN COURT OF APPEALS**

---

STATE OF WISCONSIN,

    PLAINTIFF-APPELLANT,

V.

NATHANIEL R. LECKER,

    DEFENDANT-RESPONDENT.

---

APPEAL from an order of the circuit court for Brown County: THOMAS J. WALSH, Judge. *Reversed and cause remanded with directions.*

Before Stark, P.J., Hruz and Seidl, JJ.

¶1 HRUZ, J. Wisconsin law grants immunity from criminal prosecution for certain offenses to "aiders"—i.e., people who attempt to obtain assistance for individuals who are suffering from an overdose or adverse reaction to a controlled

substance. *See* WIS. STAT. § 961.443(2)(a) (2017-18).[1] The crimes subject to the grant of immunity are specifically identified by the statute, which also states that the immunity attaches only when those crimes were "under the circumstances surrounding or leading to [the aider's] commission" of the act or acts constituting the rendering of aid. ***Id.***

¶2 When an individual suffering from a heroin overdose appeared outside of Nathaniel Lecker's apartment one afternoon, Lecker obtained medical assistance for him. The next day, Lecker was interviewed by police investigators about the overdose. During the interview, Lecker informed police that there was drug paraphernalia in his apartment, and he consented to a search of the premises. Lecker was charged with various drug-related possession offenses as a result of contraband found during the search, none of which was related to the overdose. Nonetheless, the circuit court granted Lecker's motion to dismiss the charges against him, finding that there was a "sufficient nexus" between his seeking aid for the overdosing individual and the discovery of the contraband to warrant dismissal on immunity grounds.

¶3 We conclude the circuit court erred by dismissing the charges. As an initial matter, one of the charges dismissed by the court was not a crime for which Lecker could receive immunity under WIS. STAT. § 961.443(2)(a). As to the remaining crimes, Lecker's possession of drugs and drug paraphernalia and the discovery of those items of contraband were not closely connected to the overdose or to Lecker's attempt to obtain aid. Furthermore, the mere fact that Lecker

---

[1] WISCONSIN STAT. § 961.443(2) was amended by 2017 Wis. Act 33, which was, in turn, amended by 2017 Wis. Act 59. As a result of the amendments, certain modifications to the statute became effective on August 1, 2020. *See* 2017 Wis. Act 59, § 2265r. These amendments postdate the relevant events in this case and are immaterial to our analysis. All references to the Wisconsin Statutes herein are to the 2017-18 version unless otherwise noted.

provided information about the contraband and consent to search his apartment during a subsequent police interview occasioned by his assistance does not cause his commission of those offenses to be part of the "circumstances surrounding" his status as an "aider" within the meaning of the immunity statute. We therefore reverse the order and, on remand, direct the circuit court to reinstate the criminal complaint and to conduct further proceedings consistent with this opinion.

## BACKGROUND

¶4  The relevant facts are undisputed.[2] On February 26, 2018, police officers were dispatched to the AIDS Resource Center in the City of Green Bay. When they arrived at the scene, they found Nicholas Kaczmarek seated in the front passenger seat of a vehicle belonging to Lyssa Root. Kaczmarek was being treated by paramedics for an apparent drug overdose.[3] Root and Lecker, who was Root's boyfriend, were both present at the scene.

¶5  Police learned that earlier that day, Root had loaned her vehicle to Kaczmarek and Brandon Kiesling, although it also appears she was present in the vehicle with them at some point during the day. Later, Root was inside the apartment she shared with Lecker when she received a phone call from Kiesling, who was outside the apartment with Kaczmarek. Kiesling told Root that Kaczmarek was suffering from an overdose. Root frantically awoke Lecker, who had been sleeping, and Lecker decided to transport Kaczmarek to the AIDS Resource Center.

---

[2] At the hearing on Lecker's motion to dismiss, Lecker's attorney stipulated that "everything in the probable cause section [of the criminal complaint] as well as my client's statement and [the interviewing officer's] summary" could be considered "true and correct" for purposes of the motion.

[3] Kaczmarek was administered Narcan and transported to a hospital for further treatment.

After police arrived, Lecker told officers he had never met Kaczmarek before that day. Lecker and Root then left the scene.

¶6 The next day, Lecker voluntarily went to the Green Bay Police Department for an interview about the events concerning the overdose. Lecker denied any involvement in providing Kaczmarek with the drugs that had resulted in his overdose. Lecker also told police he had asked Root if she had provided the heroin to Kaczmarek, and she responded that she had not. Rather, Root told Lecker she saw Kaczmarek take heroin out of Kiesling's backpack and ingest it while she was in the vehicle with them.

¶7 Lecker told police he had "used heroin in the last month and a half and Vicodin after that as well as marijuana." Lecker stated he knew Root had used heroin within the last week and methamphetamine "a couple days ago." Lecker stated that he and Root had smoked marijuana out of pipes, bongs, blunts and joints.

¶8 Lecker also told police that after he and Root returned from the AIDS Resource Center, they had cleaned their apartment and got rid of most of the drug paraphernalia there. He admitted there were still a few marijuana pipes present, including one near their bedroom window. He gave police consent to search and provided a key to their apartment.

¶9 Police searched Lecker's residence later that evening. They discovered several marijuana pipes containing burnt marijuana residue, a baggie containing .01 grams of methamphetamine, and an orange pill bottle with the name "Robert Lecker" on it that contained the prescription drug doxazosin. The officers did not report finding any heroin in the apartment. Based on the contraband discovered during the search, Lecker was charged with four crimes: (1) possession of methamphetamine as party to the crime, near a park; (2) possession of

4

tetrahydrocannabinols (THC), second or subsequent offense, as party to the crime, near a park; (3) possession of an illegally obtained prescription drug as a party to the crime; and (4) possession of drug paraphernalia as a party to the crime.

¶10    Lecker filed a motion to dismiss all of the charges, asserting that he was entitled to immunity as an "aider" under WIS. STAT. § 961.443(2)(a).  Lecker argued police searched his residence only because he obtained help for the overdosing Kaczmarek.  In response, the State noted that Lecker had left the scene soon after he obtained aid for Kaczmarek and approximately twenty-four hours had elapsed between the rendering of aid and the discovery of contraband in his apartment.

¶11    The circuit court granted Lecker's motion and dismissed all the charges against him.  The court applied a "but for" standard, determining there was a "sufficient nexus" between Lecker's providing aid to Kaczmarek and the discovery of contraband in his residence because the police "wouldn't have shown up there but for these individuals bringing in Mr. Kaczmarek who was overdosing."  The ruling was memorialized in a written order, from which the State now appeals.

**DISCUSSION**

¶12    This appeal turns on the interpretation and application of WIS. STAT. § 961.443(2)(a).  The interpretation of a statute and its application to undisputed facts are questions of law we determine de novo.  *State v. Jones*, 2018 WI 44, ¶27, 381 Wis. 2d 284, 911 N.W.2d 97.  We begin with the statute's plain language, and if the statute is unambiguous, we apply that language as written.  *State v. Harrison*, 2020 WI 35, ¶34, 391 Wis. 2d 161, 942 N.W.2d 310.  We give statutory language its common, ordinary and accepted meaning, except that technical or specially defined words or phrases are given their technical or special meaning.

*Milwaukee Dist. Council 48 v. Milwaukee Cty.*, 2019 WI 24, ¶11, 385 Wis. 2d 748, 924 N.W.2d 153. Additionally, we interpret statutory language in the context in which it is used; in relation to the language of surrounding or closely related statutes; and reasonably, to avoid absurd results. *Id.*

¶13 As an initial matter, Lecker concedes that one of the charges against him was improperly dismissed based on WIS. STAT. § 961.443(2)(a). Subsection (2)(a) identifies a specific set of crimes for which immunity may be granted. These crimes include bail jumping under WIS. STAT. § 946.49, possession of drug paraphernalia under WIS. STAT. § 961.573, possession of a controlled substance or a controlled substance analog under WIS. STAT. § 961.41(3g), and possession of a masking agent under WIS. STAT. § 961.69(2). The crime of possessing an illegally obtained prescription drug, which is prohibited by WIS. STAT. § 450.11(7)(h), is not a crime for which the legislature has granted immunity under § 961.443(2)(a). Accordingly, the circuit court erred by dismissing that charge. *See State v. Williams*, 2016 WI App 82, ¶20, 372 Wis. 2d 365, 888 N.W.2d 1 (holding that immunity applies only with regard to the specific offenses listed in the statute).

¶14 The remaining charges against Lecker in this case—possession of methamphetamine, possession of THC, and possession of drug paraphernalia—are crimes for which immunity may be conferred, but we conclude the circuit court erred in also dismissing those charges. WISCONSIN STAT. § 961.443(2)(a) states that an "aider"[4] is immune from criminal prosecution for the specified crimes

> under the circumstances surrounding or leading to his or her
> commission of an act described in sub. (1) [i.e., rendering of

---

[4] The definition of an "aider" is set forth in WIS. STAT. § 961.443(1), which refers to various ways in which one may obtain assistance for a person so as to qualify for immunity. There is no dispute that Lecker was acting as an "aider" under the statute when he transported Kaczmarek to the AIDS Resource Center.

> aid] that occurs on or after July 19, 2017, if the aider's attempt to obtain assistance occurs immediately after the aider believes the other person is suffering from the overdose or other adverse reaction.

The parties disagree about what it means for the crime to occur "under the circumstances surrounding or leading to" the rendering of aid.[5]

¶15    To further narrow the issue, Lecker concedes that the crimes at issue here did not "lead to" him rendering aid.  Specifically, Lecker acknowledges that his possession of contraband in the apartment was not a part of the facts giving rise to the need for, or provision of, assistance.  As Lecker puts it, "the items and substances found in [his] apartment the following day are not alleged to have been used by Kaczmarek when he overdosed."  Accordingly, we confine our review to whether the crimes alleged here were part of the "circumstances surrounding" Lecker obtaining aid.

¶16    When interpreting a statute, a court may consult a dictionary to give language its common, ordinary and accepted meaning.  *State v. Sample*, 215 Wis. 2d 487, 499, 573 N.W.2d 187 (1998).  The parties here provide materially identical dictionary definitions of the words "surrounding" and "circumstances" in support of their preferred constructions.  Specifically, the adjective "surrounding" means "to be closely connected with a situation or event."  The noun "circumstances" means "a fact or condition connected with or relevant to an event or action."  Reading these definitions together in the context of this case, the phrase

---

[5]  The defendant bears the burden to prove, by a preponderance of the evidence, that he or she is entitled to immunity under WIS. STAT. § 961.443.  *State v. Williams*, 2016 WI App 82, ¶14, 372 Wis. 2d 365, 888 N.W.2d 1.

"surrounding circumstances" means that the facts forming the basis for the criminal charge must be closely connected to the events concerning the rendering of aid.

¶17     Under the circumstances present here, no such "close connection" exists between the events associated with Lecker's rendering aid and the facts forming the basis for the criminal charges against Lecker. Kaczmarek's overdose and Lecker's possession offenses occurred on different dates. The drugs and drug paraphernalia were discovered in a different location than where the overdose or the provision of aid occurred; indeed, there is no indication in the record that Kaczmarek was ever present in Lecker's residence. Moreover, the discovered contraband had not been used by Kaczmarek and was unrelated to his overdose.

¶18     Lecker nonetheless contends that immunity is appropriate under WIS. STAT. § 961.443(2)(a) because the information concerning the contraband in his apartment was derived from a police interview that was itself brought about by the prior day's events. Lecker argues that for immunity not to attach under these circumstances, there must have been some "intervening event" that would have independently led the police to believe that Lecker was in possession of contraband.

¶19     We reject this argument. The statute does not mandate the type of "but for" test endorsed by Lecker and adopted by the circuit court. Even if the existence of the contraband in Lecker's apartment became known only through the investigation into the overdose, the statute plainly states that the facts establishing the crimes—not the discovery of those facts—are what must be closely connected to the rendering of aid. As a result, the facts on which Lecker primarily relies—that the interview occurred as a result of the overdose, and that the search of his residence occurred within one day of his obtaining aid for Kaczmarek—are of no moment.

¶20    Because Lecker is not entitled to immunity under WIS. STAT. § 961.443(2)(a) for any of the charged crimes, the circuit court erred by dismissing the criminal complaint against him.  We therefore reverse the court's order and remand.  On remand, we direct the circuit court to reinstate the criminal complaint and conduct further proceedings consistent with this opinion.

*By the Court.*—Order reversed and cause remanded with directions.